# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
**No. 19-1139V**
Filed: April 17, 2026

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
BRIAN HICKS,                             *
                                         *
              Petitioner,                *
v.                                       *
                                         *
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
              Respondent.                *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

*Anne C. Toale, Esq.,* Mctlaw, Sarasota, FL, for petitioner.
*Ryan D. Pyles, Esq.,* US Department of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On August 6, 2019, Brian Hicks ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleged that he developed transverse myelitis ("TM") after receiving a tetanus, diphtheria, pertussis ("Tdap") vaccine on July 12, 2018. *See* Petition at 1, ECF No. 1.

On October 16, 2025, petitioner filed a Motion for Interim Attorneys' Fees and Costs, seeking a total of $96,157.40 representing $80,520.20 in fees and $15,637.20 in costs. Motion for Interim Fees, ECF No. 75. Respondent filed his response to the Motion for Interim Fees on October 17, 2025, deferring to the undersigned on whether to award interim fees and costs. Response, ECF No. 76. Petitioner filed a reply the same day. Reply, ECF No. 77.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

After careful consideration, petitioner's Motion for Interim Fees is **GRANTED** for the reasons set forth below.

## I.    Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.    Discussion

### A.  Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and the claim was "brought 'in good faith' and with 'a reasonable basis.'" *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." 515 F. 3d at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id*. at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs*., 126 Fed. Cl. 86, 94 (2016).

2

Under the circumstances of this case, interim fees are warranted. This case has been pending for nearly seven years,[3] which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). Petitioner has expended significant time and costs litigating this matter thus far, and while a decision is forthcoming, it still requires additional time to complete. Accordingly, the circumstances of this case warrant an award of interim fees and costs so as not to impose economic hardship on petitioner.

## B. Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

Petitioner requests the following hourly rates for the work performed by his attorney, Ms. Anne Toale: $420 for work performed in 2019; $445 for work performed in 2020; $475 for work performed in 2021; $500 for work performed in 2022; $535 for work performed in 2023; $570 for work performed in 2024; $615 for work performed in 2025. Petitioner also requests fees for other attorneys and several paralegals at Mctlaw who worked on this matter. Pet. Ex. 76 at 27.

---

[3] Petitioner filed his Motion for Ruling on the Record on October 29, 2021. ECF Nos. 40-41. Respondent filed his Response on December 29, 2021. ECF No. 45. While this motion was pending, petitioner filed a motion to reopen the record to allow for additional expert reports and literature to support his claim. ECF No. 47. Petitioner's motion to reopen the record was granted, and the parties exchanged additional expert reports and filed supplemental briefs for the Ruling on the Record. ECF Nos. 54-72. The record was closed on April 24, 2025. ECF No. 73.

[4] The 2015-2026 Fee Schedules can be accessed at https://www.cofc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

The rates requested are consistent with what Ms. Toale and her colleagues have previously been awarded for their Vaccine Program work, and I find the rates requested to be reasonable. *See Wilson v. Sec'y of Health & Human Servs.*, No. 23-1142V, 2025 WL 1983850 (Fed. Cl. Spec. Mstr. June 10, 2025); *Englert v. Sec'y of Health & Human Servs.*, No. 23-0798V, 2025 WL 573758 (Fed. Cl. Spec. Mstr. Jan. 8, 2025); *Ferrari v. Sec'y of Health & Human Servs.*, No. 19-93V, 2024 WL 4503644 (Fed. Cl. Spec. Mstr. Aug. 22, 2024).

Accordingly, the requested hourly rates are awarded in full.

### C.  Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's motion, I find the hours billed to be reasonable. Counsel has provided detailed billing entries which appear to reasonably correspond with the work performed. No entries appear objectionable, nor did respondent raise any specific objection. Accordingly, the hours billed on this matter are reasonable.

### D.  Reasonable Costs

Petitioner requests a total of $15,637.20 in costs. *See generally* Pet. Ex. 77. This amount includes costs associated with medical records requests, postage, and the filing fee. The undersigned has reviewed the costs and finds them to be reasonable and supported with adequate documentation. *Id*.

The remaining costs are associated with petitioner's expert Dr. Andrew Pachner. Pet. Ex. 77. Dr. Pachner billed at an hourly rate of $500 for 28.25 hours of work. *Id*. at 17-23, 39-40, 43-44, 56-57. This rate is consistent with what Dr. Pachner has been awarded in the past, and I find the hours spent on this matter to be sufficiently documented and reasonable. *See, e.g., Thomas v. Sec'y of Health & Human Servs.*, No. 18-1948V, 2024 WL 4442050 (Fed. Cl. Spec. Mstr. Aug. 6, 2024).

Thus, the requested costs are awarded in full.

### III.    Conclusion

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED.** Accordingly, I award a total of **$96,157.40,** representing $80,520.20 in fees and $15,637.20 in costs, **to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** The clerk shall enter judgment accordingly.[5]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.