# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 19-1139V**
Filed: October 28, 2026

| | |
|---|---|
| BRIAN HICKS, Petitioner, | * |
| v. | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * |

*Anne C. Toale, Esq.,* Mctlaw, Sarasota, FL, for petitioner.
*Ryan D. Pyles, Esq.,* US Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On August 6, 2019, Brian Hicks ("petitioner") filed the instant petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that he developed transverse myelitis after receiving a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on July 12, 2018. Petition, ECF No. 1. On August 3, 2026, the Court issued its decision on the parties' stipulation. ECF No. 86.

On September 11, 2026, petitioner filed a Motion for Attorneys' Fees and Costs. ECF No. 91. Respondent filed his response on September 15, 2026, stating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." ECF No. 92 at 2.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.
[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner was already granted an interim award of fees and costs in this matter on April 17, 2026. ECF No. 78.

Petitioner's Motion for Attorney Fees requests a total of $13,780.24, representing $9,463.50 in attorneys' fees and $4,316.74 in costs. ECF No. 91 at 1-2.

After consideration, petitioner's motion is **GRANTED in part**.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 569 U.S. 369, 372-73 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Hum.*

*Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cnty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates on behalf of the attorneys and staff who worked on this case: for attorney Anne Toale, $615 per hour for 2025 and $665 per hour for 2026, and for the paralegals, $205 per hour for 2025 and $225 per hour for 2026. ECF No. 91-2 at 9.

The 2025 rates are consistent with what Ms. Toale and the paralegals at her firm have been previously awarded and with the rates provided in the Fee Schedule. *See, e.g, Hicks v. Sec'y of Health & Hum. Servs.*, No. 19-1139V, 2026 WL 1347642 (Fed. Cl. Apr. 17, 2026). For 2026, it appears that Ms. Toale's rate has not yet been set and I decline to do so here. I find that the overall amount requested for the work performed is reasonable.

### B. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Hum. Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Hum. Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Hum. Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at OSM Attorneys' Forum Hourly Rate Fee Schedules | Court of Federal Claims | United States. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs*., 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the billing records, the entries adequately describe the work performed, and the time billed corresponds with that work. I find no reason to reduce the amount requested.

Petitioner is awarded **$9,463.50** in attorneys' fees.

### C. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Additionally, "a petitioner seeking reimbursement of expert costs must submit '(a) contemporaneous time sheets showing how many hours were billed on a specific task multiplied by a proposed hourly rate; and (b) any other information petitioner deems necessary to substantiate the reasonableness of the work for which reimbursement is being sought.'" *Ginsberg v. Sec'y of Health & Hum. Servs.*, 179 Fed. Cl. 107, 114 (2025) (citing RCFC 2d Supp. to App. B, Rule 3; *see also* RCFC 2d Supp. to App. B, Rule 1(a)(i)(B) ("Each individual task should have its own entry indicating the amount of time dedicated to that task. Time should be billed in increments of one-tenth of an hour.")). "The "'failure to document the claimed costs results in denial of that claim.'" *Id.* (quoting *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 205 (2009)).

Petitioner requests a total of $4,316.74 in costs on behalf of counsel. ECF No. 91-3 at 1. This amount includes $93.74 in routine costs associated with acquiring medical records, postage, and Assuresign costs. *Id*. They are thus awarded in full.

Petitioner also requests a total of $4,225.00 for her expert immunologist Dr. Bradfute at a rate of $500 per hour for work performed from 2024 to 2025. ECF No. 91-3 at 2. However, several other cases have awarded Dr. Bradfute a rate of $400 per hour for work performed in 2024. *See, e.g.*, *Howells v. Sec'y of Health & Hum. Servs.*, No. 17-142V, 2026 WL 1970978, at *8 (Fed. Cl. Spec. Mstr. May 29, 2026); *Zacharski v. Sec'y of Health & Hum. Servs.*, No. 21-317V, 2026 WL 963561, at *3 (Fed. Cl. Spec. Mstr. Mar. 10, 2026). I see no reason to diverge from Dr. Bradfute's established rate, nor has petitioner submitted justification for the increase. I therefore award Dr. Bradfute for 8.45 hours at a rate of $400 per hour which is a total of $3,380.00.

Petitioner is awarded a total of **$3,473.74** in costs.

## III. Conclusion

Based on the foregoing, petitioner's Motion for Attorneys' Fees and Costs is **GRANTED in part**. Petitioner is hereby awarded a **total of $12,937.24**. This total represents $9,463.50 in attorneys' fees and $3,473.74 in costs, **to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).